IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
MAY 05 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| **Scott Buechs,**<br>Plaintiff,<br><br>v.<br><br>**Buyers Products Company,**<br>Defendant. | CIVIL ACTION NO. **1:25 CV 00897**<br><br>JURY TRIAL DEMANDED<br><br>**JUDGE BARKER** |

### COMPLAINT FOR PATENT INFRINGEMENT AND FALSE MARKING

Plaintiff Scott Buechs hereby commences this action against Buyers Products Company seeking damages and an accounting, pleading patent infringement, inducement of infringement, and/or contributory infringement of Plaintiff's United States Patent Nos. 9,902,312 and 11,110,855 for a Whisker Illumination Apparatus in violation of 35 U.S.C. § 271 and false marking in violation of 35 U.S.C. § 292.

### *The Parties*

1) Plaintiff Scott Buechs is an individual Massachusetts resident with an address at 14 Sullivan Road, West Yarmouth, Massachusetts 02673. Plaintiff is the sole owner of United States Patent Nos. 9,902,312 and 11,110,855 for a Whisker Illumination Apparatus, including the right to sue for and recover damages for past infringement.

2) Plaintiff is informed and believes, and on that basis alleges, that Defendant Buyers

Products Company ("Buyers Products") is an Ohio corporation with a place of business at 9049 Tyler Boulevard, Mentor, Ohio 44060.

## *Jurisdiction and Venue*

3) This is an action arising under the Patent Laws of the United States, Title 35 of the United States Code. Jurisdiction and venue are proper in this Court and are predicated upon United States Code, Title 28, §§ 1331, 1338, 1391(b) and (c), and 1400(b).

4) Defendant has transacted business in this District and has committed, induced, and/or contributed to acts of infringement in this District, including but not limited to the sale or offer for sale of infringing products in this District.

5) Defendant resides in this District, has committed acts of infringement in this District, has a regular and established place of business in this District, and has litigated in this District previously.

## *Facts*

6) Plaintiff Scott Buechs legally and properly filed United States Utility Patent Application No. 14/817,651 directed to his invention for a Whisker Illumination Apparatus on August 4, 2015, and that application claimed priority to Provisional Patent Application No. 60/070,450, filed August 25, 2014.

7) United States Patent No. 9,902,312 (hereinafter "the '312 patent"), entitled Whisker Illumination Apparatus, a true and correct copy of which is appended hereto as Exhibit A, legally and regularly issued to Mr. Buechs on February 27, 2018.

8) The claims of the '312 patent are valid and enforceable.

2

9) Plaintiff Scott Buechs legally and properly filed United States Utility Patent Application No. 16/376,027 directed to his invention for a Whisker Illumination Apparatus on April 5, 2019, and that application claimed priority to Provisional Patent Application No. 62/719,864, filed August 20, 2018.

10) United States Patent No. 11,110,855 (hereinafter "the '855 patent"), entitled Whisker Illumination Apparatus, a true and correct copy of which is appended hereto as Exhibit B, legally and regularly issued to Mr. Buechs on September 7, 2021.

11) The claims of the '855 patent are valid and enforceable.

12) There are no assignees of either of the '312 or '855 patents, there are no persons or entities other than Plaintiff with a right to sublicense or enforce the '312 and '855 patents, and no persons or entities other than Plaintiff have a financial interest in the '312 and '855 patents.

13) Plaintiff is the sole owner of all right, title, and interest to the '312 and '855 patents thereby establishing, during the term of the patents, Plaintiff's right to exclude others from making, using, offering to sell, or selling in the United States or importing into the United States any system or device within the scope of coverage provided by the '312 and '855 patents.

14) Pursuant to 35 U.S.C. § 286, a patent holder is entitled to seek recovery for any infringement committed within six (6) years of the filing of a complaint for infringement.

15) According to 35 U.S.C. § 271, a product may infringe a patent when, *inter alia,* the product is used, sold, or manufactured within the United States during the term of the patent.

16) During the term of the '312 and '855 patents, Defendant manufactured, used, sold, and/or offered to sell whisker illumination apparatuses within the scope of either or both of the '312 and '855 patents in the United States without permission from or compensation to Plaintiff, and Defendant induced and contributed to the manufacture, use, sell, and/or offering to sell by others of

such whisker illumination apparatuses without permission from or compensation to Plaintiff, including but not limited to through Defendant's personal participation in and/or direction of infringement either or both of the '312 and '855 patents.

17) During the term of the '312 and '855 patents, certain officers and/or directors of Defendant Buyers Products, as yet individually unknown but to be determined, *personally participated in, directed, induced, and/or contributed* to the manufacture, use, sale, and/or offering to sell of whisker illumination apparatuses within the scope of either or both of the '312 and '855 patents in the United States without permission from or compensation to Plaintiff.

18) Commercial advertising for whisker illumination apparatuses manufactured, used, sold, and/or offered for sale by Defendant (hereinafter, sometimes, "the Accused Products") is appended hereto as Exhibit C.

19) As shown in the non-limiting claim chart analysis of Exhibit D, the whisker illumination apparatuses made, used, and/or sold by Defendant, including but not necessarily limited to as "ILLUMINATED LED GUIDES" as Part Nos. 1308124, 1308128, and 1308136 meet each and every limitation of at least claims 1-3 and 6-8 of the '312 patent such that the products, which may herein be referred to as accused products, literally infringe the '312 patent.

20) Defendant's "ILLUMINATED LED GUIDES" are thus alleged to meet all limitations of one or more of claims 1-3 and 6-8 of the '312 patent, claims 1-3 and 6-8 standing as follows:

> 1. An apparatus for marking the location of an object and that comprises an elongated and translucent or transparent tubular member having top and bottom ends, a mounting piece secured to the bottom end of the elongated and translucent or transparent tubular member, said mounting piece constructed and arranged for mounting from a mounting surface of the object so that the elongated and translucent or transparent tubular member is disposed in a substantially vertical position, said object being a snow plow blade attached to a plow vehicle that also

has auxiliary lighting, said mounting surface of the snow plow blade being a horizontal flange of the snow plow blade having a hole therein, an elongated light string that extends within the elongated and translucent or transparent tubular member between the top and bottom ends of the elongated and translucent or transparent tubular member, wherein the elongated light string is comprised of an elongated and flat support strip and a plurality of LED's that are spaced along the elongated and flat support strip, a source of electrical energy for the elongated light string in the form of the auxiliary lighting, and conductor wiring for connecting the source of electrical energy to the elongated light string, wherein the mounting piece comprises a mounting coupling that includes a top collar for engagement with the bottom end of the elongated and translucent or transparent tubular member, a base that is integral with the top collar and that extends through the hole in the horizontal flange of the snow plow blade and a securing nut for holding the base to the horizontal flange of the snow plow blade, said base also including an upper portion that engages over the hole in the horizontal flange of the snow plow blade, said nut for threaded engagement with the base and for securing the horizontal flange of the snow plow blade between the nut and the upper portion of the base.

2. The apparatus of claim 1 wherein the bottom end of the elongated and translucent or transparent tubular member engages over the top collar.

3. The apparatus of claim 2 including separate connecting wires that couple between adjacent LED's, and wherein the top collar includes a plurality of spaced apart, annular and outwardly directed wings that engage with the bottom end of the elongated tubular member which is sufficiently pliable so as to firmly hold the tubular member with the top collar of the mounting coupling.

6. The apparatus of claim 3 including a crimp that is formed at the bottom end of the elongated tubular member at the plurality of spaced apart, annular and outwardly directed wings so as to firmly hold the bottom end of the tubular member with the top collar of the mounting coupling.

7. An apparatus for marking the location of an object and that comprises an elongated and translucent or transparent tubular member having top and bottom ends, a mounting piece secured to the bottom end of the elongated and translucent or transparent tubular member, said mounting piece constructed and arranged for mounting from a mounting surface of the object so that the elongated and translucent or transparent tubular member is disposed in a substantially vertical position, said mounting surface including a horizontal flange having a hole therein, an elongated light string that extends within the elongated and translucent or transparent tubular member between the top and bottom ends of the elongated and translucent or transparent tubular member, wherein the elongated light string is comprised of an elongated support strip and a plurality of LED's that are spaced along the elongated support strip, a source of electrical energy for the elongated

light string, and conductor wiring for connecting the source of electrical energy to the elongated light string, wherein the mounting piece includes a mounting coupling having a top collar for engagement with the bottom end of the elongated and translucent or transparent tubular member and a base that is integral with the top collar and extends through the hole in the horizontal flange of the object.

8. The apparatus of claim 7 wherein the plate member forms part of a snow plow blade and including a nut for threading onto the base.

21) As shown in the non-limiting claim chart analysis of Exhibit E, the whisker illumination apparatuses made, used, and/or sold by Defendant, including but not necessarily limited to as "ILLUMINATED LED GUIDES" as Part Nos. 1308124, 1308128, and 1308136 meet each and every limitation of at least claims 1, 6-10, 17, and 19 of the '855 patent such that the accused products literally infringe the '855 patent.

22) Discovery in this matter may warrant the addition of further Accused Products and the assertion of further claims of the '312 and/or the '855 patents.

23) Defendant's "ILLUMINATED LED GUIDES" are thus alleged to meet all limitations of one or more of claims 1, 6-10, 17, and 19 of the '855 patent, claims 1, 6-10, 17, and 19 standing as follows:

1. An apparatus for marking the location of an object and that comprises an elongated and translucent or transparent tubular member having top and bottom ends, a mounting piece secured to the bottom end of the elongated and translucent or transparent tubular member, said mounting piece constructed and arranged for mounting from a mounting surface of the object so that the elongated and translucent or transparent tubular member is disposed in a substantially vertical position, said object being a snow plow blade attached to a plow vehicle that also has auxiliary lighting, said mounting surface of the snow plow blade being a horizontal flange of the snow plow blade having a hole therein, an elongated light string that extends within the elongated and translucent or transparent tubular member between the top and bottom ends of the elongated and translucent or transparent tubular member, wherein the elongated light string is comprised of an elongated support strip and a plurality of LED's that are spaced along the elongated support strip, a source of electrical energy for the elongated light string in the form of the auxiliary lighting, and conductor wiring for connecting the

source of electrical energy to the elongated light string, wherein the mounting piece comprises a mounting coupling that includes a top collar for engagement with the bottom end of the elongated and translucent or transparent tubular member, a base that is integral with the top collar and that extends through the hole in the horizontal flange of the snow plow blade and a securing nut for holding the base to the horizontal flange of the snow plow blade, said base also including an upper portion that engages over the hole in the horizontal flange of the snow plow blade, said nut for threaded engagement with the base and for securing the horizontal flange of the snow plow blade between the nut and the upper portion of the base, wherein said mounting piece also has a center passage for receiving the wiring, and further including a length of shrink wrap that extends about the wiring and at least partially into the center passage.

6. The apparatus of claim 1 wherein the conductive wiring includes separate connecting wires that couple between adjacent LED's, and wherein the top collar includes a plurality of spaced apart, annular and outwardly directed wings that engage with the bottom end of the elongated tubular member which is sufficiently pliable so as to firmly hold the tubular member with the top collar of the mounting coupling, and a crimpable collar that is disposed over the bottom end of the elongated tubular member.

7. The apparatus of claim 1 wherein the elongated light string includes at least one LED that is disposed at the top end of the elongated and translucent or transparent tubular member so that the at least one LED is observable at the top end of the elongated and translucent or transparent tubular member, and a cap that is disposed over the top of the elongated tubular member.

8. An apparatus for marking the location of an object and that comprises an elongated and translucent or transparent tubular member having top and bottom ends, a mounting piece secured to the bottom end of the elongated and translucent or transparent tubular member, said mounting piece constructed and arranged for mounting from a mounting surface of the object so that the elongated and translucent or transparent tubular member is disposed in a substantially vertical position, said mounting surface including a horizontal flange having a hole therein, an elongated light string that extends within the elongated and translucent or transparent tubular member between the top and bottom ends of the elongated and translucent or transparent tubular member, wherein the elongated light string is comprised of an elongated support member and a plurality of LED's that are spaced along the elongated support member, a source of electrical energy for the elongated light string, and conductor wiring for connecting the source of electrical energy to the elongated light string, wherein the mounting piece includes a mounting coupler having a top collar for engagement with the bottom end of the elongated and translucent or transparent tubular member and a base that is integral with the top collar and extends through the hole in the horizontal flange of the object, wherein the conductive wiring includes separate connecting wires that

couple between adjacent LED's, and wherein the top collar includes a plurality of spaced apart, annular and outwardly directed wings that engage with the bottom end of the elongated tubular member which is sufficiently pliable so as to firmly hold the tubular member with the top collar of the mounting coupling, and a crimpable collar that is disposed over the bottom end of the elongated tubular member.

9. The apparatus of claim 8 wherein the elongated light string includes at least one LED that is disposed at the top end of the elongated and translucent or transparent tubular member so that the at least one LED is observable at the top end of the elongated and translucent or transparent tubular member, and a cap that is disposed over the top of the elongated tubular member.

10. The apparatus of claim 8 wherein the horizontal flange forms part of a snow plow blade and including a nut for threading onto the base.

17. An apparatus for marking the location of an object and that comprises an elongated and translucent or transparent tubular member having top and bottom ends, a mounting piece secured to the bottom end of the elongated and translucent or transparent tubular member, said mounting piece comprised of a mounting coupler that is constructed and arranged for mounting from a mounting surface of the object so that the elongated and translucent or transparent tubular member is disposed in a substantially vertical position, said mounting surface including a horizontal flange having a hole therein, an elongated light string that extends within the elongated and translucent or transparent tubular member between the top and bottom ends of the elongated and translucent or transparent tubular member, wherein the elongated light string is comprised of an elongated and planar support strip and a plurality of LED's that are spaced along the elongated and planar support strip, a source of electrical energy for the elongated light string, and conductor wiring for connecting the source of electrical energy to the elongated light string, and a cap that is disposed over the top of the elongated tubular member to provide a sealed area at the top of the elongated and translucent or transparent tubular member.

19. The apparatus of claim 17 wherein the object is a snow plow blade that includes at a top thereof the horizontal flange, wherein the mounting piece comprises a mounting coupler that includes a top collar for engagement with the bottom end of the elongated and translucent or transparent tubular member, a base that is integral with the top collar and that extends through the hole in the horizontal flange of the snow plow blade, a securing nut for holding the base to the horizontal flange of the snow plow blade, and a through passage in the mounting coupling, and wherein the conductor wiring extends from the elongated light string, through the through passage in the mounting coupling, under the horizontal flange and to the source of electrical energy.

24) Defendant's "ILLUMINATED LED GUIDES" and the components thereof constitute a material part of the claimed inventions of the '312 and '855 patents and were specially made or specially adapted for use in direct infringement of the '312 and '855 patents without substantial noninfringing use, and Defendant directed, instructed, encouraged, facilitated, and encouraged and thus induced and contributed to the direct infringement of the '312 and '855 patents.

25) Defendant itself recognized the value of the inventions of the '312 and '855 patents and the validity thereof, originally obtaining a license to those inventions through a 2018 Patent License Agreement.

26) That Patent License Agreement enabled termination for breach thereof with notice and a 30-day opportunity to cure.

27) In 2021, Plaintiff and Plaintiff's counsel at the time sent Defendant a series of letters first seeking compliance with the Agreement and then terminating the same pursuant to the termination provision of the Patent License Agreement based on specified breaches by Defendant that were not remedied.

28) Counsel for Plaintiff sent Defendant the letter of Exhibit F dated May 25, 2021 expressing that "This is an obvious case of patent infringement," and that counsel was "surprised that Buyers Products has taken such a cavalier approach to patent infringement and apparently will continue to use the intellectual property illegally of Blizzard Dynamics to further its interests," yet Defendant continued its infringing conduct in willful and deliberate disregard for Plaintiff's rights.

29) In a previous letter dated March 16, 2021, appended hereto as Exhibit G, then counsel for Plaintiff expressly warned Plaintiff against its false patent marking practices, writing,

"To have others represent that their apparatus is covered by the same patent without Buechs express permission is improper and illegal."

30) Plaintiff wrote Defendant directly with the letters of Exhibit H expressly noticing termination of the Patent License Agreement, referencing the harm Plaintiff was suffering, and repeatedly warning against further infringement and false marking by Defendant.

31) Defendant and the officers and directors thereof thus knew of the '312 and '855 patents and the infringing nature of Defendant's "ILLUMINATED LED GUIDES."

32) Defendant and the officers and directors thereof further knew that Defendant's actions would induce direct infringement of the '312 and '855 patents, that the accused products and the components thereof were specially made or specially adapted for use in infringement of the '312 and '855 patents without substantial noninfringing use, and that Defendant no longer had the consent of the patentee to mark its products as patented.

33) Despite termination of the Patent License Agreement and despite Defendant and the officers and directors thereof having demonstrated knowledge of the '312 and '855 patents, Defendant continued, and still does continue, with its manufacture and sale of products that infringe the '312 and '855 patents, including the "ILLUMINATED LED GUIDES" referenced herein.

34) Defendant's continued manufacture and sale of products infringing the '312 and '855 patents has been done in deliberate and knowing disregard for Plaintiff's rights under the '312 and '855 patents.

35) Additionally, despite termination of the Patent License Agreement, despite Defendant's subsequent lack of any rights under the '312 and '855 patents, and despite express knowledge of Plaintiff's objection thereto, Defendant continued to mark its "ILLUMINATED

LED GUIDES" as "Patented" and/or with other patent markings falsely, without Plaintiff's consent, and with the intent of counterfeiting or imitating the mark of the Plaintiff as patentee and of deceiving the public and inducing them to believe that the products were made, offered for sale, sold, or imported into the United States by or with the consent of the Plaintiff as patentee.

36) Plaintiff has suffered competitive injury as a result of Defendant's false patent marking.

37) Because Defendant has continued to manufacture and sell "ILLUMINATED LED GUIDES" despite Defendant's demonstrated knowledge of the '312 and '855 patents and of the infringing nature of Defendant's "ILLUMINATED LED GUIDES," Plaintiff was left with no other option but to file the present action to seek redress of Plaintiff's rights.

*Count I*
*Direct Infringement of U.S. Patent No. 9,902,312*

38) Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through thirty-seven (37) of this Complaint.

39) Plaintiff is the sole owner of all right, title, and interest in and to U.S. Patent No. 9,902,312, including the right to sue and recover for past infringement, and Plaintiff has authority to bring this suit.

40) Defendant has directly infringed the '312 patent in the United States by, among other things, making, using, importing, offering for sale, and/or selling apparatuses that fall within the scope of protection afforded by the '312 patent in the United States during the term of U.S. Patent No. 9,902,312 in violation of 35 U.S.C. § 271.

41) Defendant was aware of the '312 patent at the time of the infringement such that Defendant's infringement has at all times been willful.

42) As a result of Defendant's infringing activities, Plaintiff has been damaged whereby Plaintiff is entitled to compensation from Defendant pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified but that will be ascertained at trial.

## *Count II*
### *Direct Infringement of U.S. Patent No. 11,110,855*

43) Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through forty-two (42) of this Complaint.

44) Plaintiff is the sole owner of all right, title, and interest in and to U.S. Patent No. 11,110,855, including the right to sue and recover for past infringement, and Plaintiff has authority to bring this suit.

45) Defendant has directly infringed the '855 patent in the United States by, among other things, making, using, importing, offering for sale, and/or selling apparatuses that fall within the scope of protection afforded by the '855 patent in the United States during the term of U.S. Patent No. 11,110,855 in violation of 35 U.S.C. § 271.

46) Defendant was aware of the '855 patent at the time of the infringement such that Defendant's infringement has at all times been willful.

47) As a result of Defendant's infringing activities, Plaintiff has been damaged whereby Plaintiff is entitled to compensation from Defendant pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified but that will be ascertained at trial.

## *Count III*
## *Inducement of Infringement and/or Contributory Infringement*
## *of U.S. Patent No. 9,902,312*

48) Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through forty-seven (47) of this Complaint.

49) Plaintiff is the sole owner of all right, title, and interest in and to U.S. Patent No. 9,902,312, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

50) Defendant has induced infringement of the '312 patent in the United States by, among other things, encouraging and facilitating infringement of the '312 patent despite knowing of the '312 patent and despite knowing that Defendant's actions would lead to infringement of the '312 patent in the United States in violation of 35 U.S.C. § 271.

51) Defendant has contributed to the infringement of the '312 patent in the United States by, among other things, selling and offering to sell within the United States or importing into the United States one or more material components of Plaintiff's patented apparatus knowing the same to be especially made or especially adapted for use in direct infringement of such patent and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271.

52) At all relevant times, Defendant was aware of the '312 patent such that Defendant's inducement of infringement and contributory infringement have at all times been willful.

53) As a result of Defendant's infringing activities, Plaintiff has been damaged whereby Plaintiff is entitled to compensation from Defendant pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified but that will be ascertained at trial.

## *Count IV*
## *Inducement of Infringement and/or Contributory Infringement of U.S. Patent No. 11,110,855*

54) Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through fifty-three (53) of this Complaint.

55) Plaintiff is the sole owner of all right, title, and interest in and to U.S. Patent No. 11,110,855, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

56) Defendant has induced infringement of the '855 patent in the United States by, among other things, encouraging and facilitating infringement of the '855 patent despite knowing of the '855 patent and despite knowing that Defendant's actions would lead to infringement of the '855 patent in the United States in violation of 35 U.S.C. § 271.

57) Defendant has contributed to the infringement of the '855 patent in the United States by, among other things, selling and offering to sell within the United States or importing into the United States one or more material components of Plaintiff's patented apparatus knowing the same to be especially made or especially adapted for use in direct infringement of such patent and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271.

58) At all relevant times, Defendant was aware of the '855 patent such that Defendant's inducement of infringement and contributory infringement have at all times been willful.

59) As a result of Defendant's infringing activities, Plaintiff has been damaged whereby Plaintiff is entitled to compensation from Defendant pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified but that will be ascertained at trial.

## *Count V*
## *False Marking*

60) Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through fifty-nine (59) of this Complaint.

61) Despite lacking rights under the '312 and '855 patents and over Plaintiff's express objection thereto, Defendant has marked its "ILLUMINATED LED GUIDES" as "Patented" and/or with other patent markings falsely, without Plaintiff's consent, and with the intent of counterfeiting or imitating the mark of the Plaintiff as patentee and of deceiving the public and inducing them to believe that the products were made, offered for sale, sold, or imported into the United States by or with the consent of the Plaintiff as patentee.

62) Plaintiff has suffered competitive injury as a result of Defendant's false patent marking whereby Plaintiff is entitled to damages adequate to compensate for that injury pursuant to 35 U.S.C. § 292 in an amount that cannot presently be quantified but that will be ascertained at trial.

## *Demand for Jury Trial*

Plaintiff most respectfully demands a trial by jury on all issues so triable.

## *Prayers for Relief*

WHEREFORE, Plaintiff claims damages and prays that judgment be entered in Plaintiff's favor against Defendant, and that Plaintiff be granted the following relief:

 A) a holding that Defendant Buyers Products Company has directly infringed, induced infringement of, and/or contributorily infringed U.S. Patent Nos.

9,902,312 and 11,110,855;

B) an Order compelling Defendant to deliver up for destruction all infringing goods within Defendants' possession, custody, or control that were manufactured, imported, or otherwise within the scope of U.S. Patent Nos. 9,902,312 and/or 11,110,855;

C) an award of actual damages as determined by the Court and/or jury in this case;

D) an award of damages, not less than a reasonable royalty, sufficient to compensate Plaintiff for Defendant's acts of infringement, inducement of infringement, and/or contributory infringement;

E) an award of amplified damages pursuant to 35 U.S.C. § 284 in an amount of three times the damages caused by Defendant's infringement should the infringement be found to be willful;

F) an award of damages pursuant to 35 U.S.C. § 292 in an amount adequate to compensate Plaintiff for the injury suffered by Plaintiff due to Defendant's false patent marking;

G) an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H) an award of pre-judgment, judgment, and post-judgment interest from as allowed by law;

I) an award of all litigation costs and expenses incurred by Plaintiff in connection with this controversy; and

J) such further relief as the Court deems fair and/or equitable in this case.

Dated: April 30, 2025

Respectfully submitted,

Plaintiff Scott Buechs,
by his Attorney,

*/s/ Thomas P. O'Connell*
Thomas P. O'Connell
Massachusetts BBO # 567,644
(*pro hac vice application
contemporaneously filed*)
*O'Connell Law Office*
*tpo@oconnellusa.com*
1026A Massachusetts Avenue
Arlington, MA 02476
Telephone: 781.643.1845
Facsimile: 781.643.1846